Nott, J.,
dissenting:
On the former trial the evidence indicated a complete and absolute acquiescence on the part of the contractor in the decision of the Postmaster-General, from which acquiescence we were bound to infer that he was in good conscience estopped from again pressing his claim. The benefit received by the contractor from his silence, we then pointed put, was exceedingly trivial as compared with the magnitude of the claim which he apparently consented to relinquish. It now appears that after the notice was given by the Postmaster-General the claimant did, in fact, continue to press his claim. Coupled with the other facts of the case, I think that he did not intend to keep silence, or to be considered as keeping silence, and that he was neither morally nor legally bound to give any formal notification to the Postmaster-General, or to do anything more than that which he did do, namely, to continue pressing his claim for this California mail-service. It is one of those cases where the law does not allow an estoppel to be implied, where the burden of proof rests exclusively upon the party who relies upon the estoppel, and where the estoppel springs entirely out of moral obligations and not out of legal formalities. For these reasons I think the claimant should recover.